STATE OF WEST VIRGINIA

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN MONK,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1251**  (BOR Appeal No. 2048566)
                    (Claim No. 2012022317)

**BOBBY J. JUSTUS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Monk, by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bobby J. Justus, by Bradley Crouser, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a July 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 7, 2012, decision granting Mr. Monk a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Monk sustained an abdominal crush injury and left shoulder injury on January 10, 2012, when a vehicle he was servicing slipped off a hydraulic jack. As a result of the crush injury to his abdomen, Mr. Monk underwent an exploratory laparotomy which resulted in a partial resection of the sigmoid colon. In the instant case, Mr. Monk has appealed only the amount of whole person impairment pertaining to the abdominal injury.

1

On May 3, 2012, Joseph Grady II, M.D., performed an independent medical evaluation and opined that Mr. Monk sustained 1% whole person impairment as a result of irritation at the site of the abdominal surgical incision. Dr. Grady further opined that Mr. Monk sustained 0% whole person impairment as a result of the sigmoid colon resection. On June 7, 2012, the claims administrator granted Mr. Monk a 1% permanent partial disability award based on Dr. Grady's evaluation.

On December 10, 2012, Jerry Scott, M.D., performed an independent medical evaluation and opined that Mr. Monk sustained 4% whole person impairment as a result of abdominal scarring. Dr. Scott further opined that the scaring is evident and requires coverage with clothing at all times in order to prevent Mr. Monk from feeling self-conscious. Finally, Saghir Mir, M.D., performed an independent medical evaluation on April 8, 2013, and opined that Mr. Monk sustained 1% whole person impairment arising from the abdominal scar. Dr. Mir further opined that Mr. Monk sustained 0% whole person impairment as a result of the sigmoid colon resection.

In its Order affirming the June 7, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Monk sustained 1% whole person impairment as a result of the abdominal scar. Mr. Monk disputes this finding and asserts, per the opinion of Dr. Scott, that he sustained 4% whole person impairment as a result of abdominal scarring.

The Office of Judges noted that Dr. Scott opined that Mr. Monk has 4% whole person impairment arising from the abdominal scar based on the appearance of the scar, whereas Dr. Mir and Dr. Grady opined that Mr. Monk has 1% whole person impairment arising from skin irritation at the site of the scar. The Office of Judges found that the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) places more emphasis on the functionality of the skin affected by a scar as opposed to its cosmetic appearance. Finally, the Office of Judges found that when deposed, Mr. Monk did not indicate that he was limited in any way as a result of the surgical scar and also did not indicate that he is self-conscious about the scar, which is the basis for Dr. Scott's recommendation of an increased permanent impairment award. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II